IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB McGEHEE and STEVEN RAY HEATH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SOUTHWEST ELECTRONIC ENERGY CORPORATION, FOREST OIL CORPORATION, and LANTERN DRILLING COMPANY, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>SOUTHWEST ELECTRONIC ENERGY CORPORATION, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>ENGINEERED POWER, LP, ELECTROCHEM SOLUTIONS, INC., EXCELL BATTERY CORPORATION USA, TELEDRIFT, INC., and FLOTEK INDUSTRIES, INC., )<br>)<br>Third Party Defendants. )<br>)<br>and )<br>) | Case No. CIV-15-00145-C |

| | |
|---|---|
| SOUTHWEST ELECTRONIC ENERGY CORPORATION, | ) ) ) |
| Third Party Plaintiff, | ) ) |
| vs. | ) ) ) |
| TELEDRIFT, INC., and FLOTEK INDUSTRIES, INC., | ) ) ) |
| Third Party Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Third Party Defendants Teledrift, Inc., and Flotek Industries, Inc., filed a Motion to Dismiss Third Party Plaintiff's claims (Dkt. No. 44). Third Party Plaintiff responded (Dkt. No. 50), and Third Party Defendants filed a reply (Dkt. No. 52). The Motion has been fully briefed and is at issue.

## I. BACKGROUND

Plaintiffs, Jacob McGehee and Steven Ray Heath (collectively "Plaintiffs"), were employees of either Teledrift, Inc. ("Teledrift") or Flotek Industries, Inc. ("Flotek") (collectively "Third Party Defendants"). While on the job, both Plaintiffs were attempting to remove a lithium battery from a Measurement While Drilling tool, when it exploded, causing them both injuries. Plaintiffs filed suit against Southwest Electronic Energy Corporation ("Southwest"), the manufacturer of the battery, for their injuries. Southwest subsequently filed suit against Third Party Defendants, among other entities, for indemnity and/or contribution. Third Party Defendants filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II. STANDARD OF REVIEW

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. <u>Id.</u> Thus, the starting point in resolving Third Party Defendants' Motion is to examine the factual allegations supporting each claim that Third Party Defendants wish the Court to dismiss.

## III. ANALYSIS

Third Party Defendants argue that they are statutorily immune from any civil liability based on Oklahoma's Workers' Compensation Act. In 2013, the Oklahoma Legislature passed the Administrative Workers' Compensation Act ("AWCA" or the "Act"). The AWCA became effective on February 1, 2014. The outcome of this Motion is the same whether reviewed under the old version of the Act or the new; therefore the Court will review under the new. The exclusive remedy doctrine of the Act shields employers from double liability for an employee's injuries by making a workers' compensation claim the exclusive remedy for an employee. 85A Okla. Stat. § 5. "Worker's compensation legislation was enacted to provide a substitute remedy to an employee for accidental injuries received during

covered employment without the burden of his proving negligence. In exchange for this exposure the employer is protected from any other liability to the employee." Harter Concrete Prods., Inc. v. Harris, 1979 OK 38, ¶ 7, 592 P.2d 526, 528 (footnotes omitted). Under the Act, employers are immune from any civil liability to the employee, either directly or indirectly derived from the injuries of the employee. Id.

Because employers are immune from civil liability under the Act, Teledrift or Flotek must be dismissed, as one of them is the employer to the Plaintiffs. Southwest agrees with Teledrift and Flotek that both are not Plaintiffs' employers, and therefore both cannot claim immunity under the Act. Southwest argues that whichever Third Party Defendant is not the employer to Plaintiffs, is the parent corporation to the employer. Parent corporations cannot claim immunity under the Act because they are not considered employers. See Love v. Flour Mills of Am., 647 F.2d 1058 (10th Cir. 1981). In short, Southwest argues that either Teledrift or Flotek, but not both, is immune from this suit, but also argues that at this stage in the litigation it is unclear as to which one is immune, so dismissal is not warranted.

As Third Party Defendants correctly note, in order for an action against a parent corporation to survive, the moving party must plead an independent act of negligence by the parent corporation. Id. at 1063. Further, this act must not pertain to the parent's management of the subsidiary company. Id. In the instant case, it is clear that one of the two Third Party Defendants is the employer of Plaintiffs and immune from this suit. The other, although unclear as to which one, is the parent corporation. Southwest has failed to state with specificity against either Third Party Defendant, an independent legal claim against a

4

parent corporation. Because one Third Party Defendant is immune, and Southwest has failed to state an independent claim against either of the Third Party Defendants as a parent corporation, there is no need to identify which is which, as Southwest has failed to state a claim.

IV. CONCLUSION

Accordingly, Third Party Defendants Teledrift, Inc. and Flotek Industries, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. No. 44) is GRANTED.

IT IS SO ORDERED this 22nd day of December, 2015.

ROBIN J. CAUTHRON
United States District Judge