bvIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACOB MCGEHEE and STEVEN RAY HEATH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-15-145-C |
| SOUTHWEST ELECTRONIC ENERGY CORPORATION, FOREST OIL CORPORATION, and LANTERN DRILLING COMPANY, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SOUTHWEST ELECTRONIC ENERGY CORPORATION, | ) ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| ENGINEERED POWER LP, TELEDRIFT, INC., | ) ) ) | |
| Third Party Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Compel (Dkt. No. 82). Defendant Southwest Electronic Energy Corporation ("SWE") has responded and the Motion is now at issue. Plaintiffs seek to compel the production of two sets of information: (1) current and historical brochure and website information, and (2) e-mails to and from the domain @engineeredpower.com. SWE represents it has produced the brochure and website

information and it is no longer at issue. Therefore, the Court will only address the e-mails requested in Request for Production No. 31.

The dispute revolves around 8,173 e-mails sent and received within a specified time period. Plaintiffs argue all of the e-mails should be produced and SWE wishes to produce only the e-mails containing certain negotiable search terms. SWE argues that without the search terms, it would be overly burdensome to review each e-mail for relevancy and the Court agrees.

The scope of discovery is not all encompassing, but is limited by Fed. R. Civ. P. 26(b)(1) to information relevant to a party's claim or defense and the proportional needs of the case. Here, SWE has offered to identify relevant information and allow Plaintiffs to name the search terms. Plaintiffs are ordered to produce a list of search terms to SWE within five (5) days of the date of this order. The parties may negotiate on the terms for an additional ten (10) days, and then SWE must produce the e-mails to Plaintiffs within ten (10) days of the agreement. If negotiations do not progress smoothly, the parties are encouraged to meet and confer before filing another motion to compel.

Accordingly, Plaintiffs' Motion to Compel (Dkt. No. 82) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 28th day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge