IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB MCGEHEE and<br>STEVEN RAY HEATH,<br><br>   Plaintiffs,<br><br>v.<br><br>SOUTHWEST ELECTRONIC<br>ENERGY CORPORATION,<br>FOREST OIL CORPORATION, and<br>LANTERN DRILLING COMPANY,<br><br>   Defendants,<br><br>and<br><br>SOUTHWEST ELECTRONIC<br>ENERGY CORPORATION,<br><br>   Third Party Plaintiff,<br><br>v.<br><br>ENGINEERED POWER LP,<br>TELEDRIFT, INC.,<br><br>   Third Party Defendants. | Case No. CIV-15-145-C |

MEMORANDUM OPINION AND ORDER

On July 20, 2017, the Court granted a Motion for Summary Judgment filed by Defendants Forest Oil Corporation & Lantern Drilling Company ("Forest and Lantern"). (Dkt. No. 111.) Now before the Court is Plaintiffs' Motion for Final Judgment and Certification Pursuant to Federal Rule of Civil Procedure 54(b). (Dkt. No. 148.)

Defendant Southwest Electronic Energy Corporation's ("SWE") Response stated it had no objection to the appeal, but raises its opinion that Forest and Lantern's acts and omissions remain critical to causation of the product liability claims. (SWE's Resp., Dkt. No. 155, pp. 2-3.)

To direct entry of final judgment on one of several claims, the Court must comply with Fed. R. Civ. P. 54(b) which requires "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005) (citation omitted). While there is no bright-line rule distinguishing when claims are considered "multiple" for purposes of Rule 54(b), the Court will consider whether separate appeals on the claims would be redundant, or "whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." Id. at 827 (citation omitted). An order is "final" when it serves as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. at 826 (citation and internal quotation marks omitted). The Tenth Circuit instructs "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." Oklahoma Tpk. Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001) (citation and internal quotation marks omitted).

Here, Plaintiffs asserted a negligence claim against Defendants Forest and Lantern and product liability claims against Defendant SWE. The Memorandum

Opinion and Order, Dkt. No. 111, granted judgment in favor of Forest and Lantern on the negligence claim for lack of duty owed to Plaintiffs and was thus final for purposes of Rule 54(b). Plaintiffs state the negligence claim is separate because although all claims arise from the same battery explosion incident, the claim against Forest and Lantern stems from different facts from the SWE claims; i.e., the dispute with Forest and Lantern involves drilling operations and debris found in the machine that exploded while the dispute with SWE addresses issues with battery pack design and manufacture. Thus, the legal issues are separate and while the facts are not completely distinct, it will not cause redundancy.[*]

The final requirement is there must be no just reason for delay of the appeal. The district court uses discretion "to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citation and internal quotation marks omitted). The Court considers "judicial administrative interests as well as the equities involved." Id. Plaintiffs state the claims are separable and cannot be revisited on appeal, thus there is no reason for delay. Forest and Lantern argue Plaintiffs' reasons fail to weigh in favor of granting the Motion.

---

[*] The Court notes the facts could become more interwoven as counterarguments arise later in the case. The parties have briefed issues related to indemnity for the product liability claims and it is apparent SWE intends to argue it was Forest and Lantern's acts that gave rise to the explosion, not the design of the battery.

The Court finds an interlocutory appeal is appropriate in this case. It is in the judicial administrative interest to resolve the appeal of the negligence issue before the product liability issues reach a jury. To do otherwise could require two jury trials on the liability issues, needlessly burdening the judicial system and the parties. For the reasons stated, Plaintiffs' Motion for Final Judgment and Certification Pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 148) is GRANTED.

IT IS SO ORDERED this 24th day of October, 2017.

ROBIN J. CAUTHRON
United States District Judge