IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB MCGEHEE and<br>STEVEN RAY HEATH,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHWEST ELECTRONIC<br>ENERGY CORPORATION,<br>FOREST OIL CORPORATION, and<br>LANTERN DRILLING COMPANY,<br><br>    Defendants,<br><br>and<br><br>SOUTHWEST ELECTRONIC<br>ENERGY CORPORATION,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>ENGINEERED POWER LP,<br>TELEDRIFT, INC.,<br><br>    Third Party Defendants. | Case No. CIV-15-145-C |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant/Third Party Plaintiff Southwest Electronic Energy Corporation's ("SWE") Motion to Reconsider Order Denying Motion to Enforce Settlement Agreement. (Dkt. No. 171.) Plaintiffs Jacob McGehee and Steven Heath responded and the Motion is now at issue.

SWE urges the Court to reconsider its Memorandum Opinion and Order denying the Motion to Enforce Settlement Agreement (Dkt. No. 140), stating:

> Plaintiffs admit that their counsel had authority to make settlement offers on their behalf, but maintain that counsel did not have authority to make the particular offer at issue here. While Plaintiffs may have secretly limited their counsel's actual authority in this manner, it does not diminish their counsel's apparent authority to SWE[] because Plaintiffs never communicated any limitation to SWE.

(Def.'s Mot. to Reconsider, Dkt. No. 171, p. 5) (emphasis omitted). This argument convinces the Court that in deciding its previous Order it focused too narrowly on the issue of whether there was authority for Plaintiffs' attorney to make the specific joint settlement offer at issue, rather than whether there was apparent authority. It is enough for the principal to convey apparent authority to the agent once, and then apparent authority will extend throughout settlement negotiations. See Moore v. Beaufort Cty., N.C., 936 F.2d 159, 163-64 (4th Cir. 1991); Nature's Sunshine Prods. v. Sunrider Corp., 511 F. App'x 710, 715 (10th Cir. 2013) (unpublished) ("'[u]nless otherwise agreed, if the agent properly begins to deal with a third person and the principal has notice of this, the apparent authority to conduct the transaction is not terminated by the termination of the agent's authority by a cause other than the incapacity or impossibility, unless the third person has notice of it'") (quoting Restatement (Second) of Agency § 129).

The evidence shows Plaintiffs McGehee and Heath and their counsel attended a mediation on June 6, 2017, where counsel made one or more settlement offers. (Pls.' Aff., Dkt. Nos. 121-1, 121-2, 121-3.) This created apparent authority for Plaintiffs' counsel to act on their behalf in settlement negotiations. The apparent authority continued until

counsel extended a settlement offer on June 26, 2017, to SWE and Engineered Power, LP. Plaintiffs do not contest whether counsel's offer was authorized; they instead contest the terms of the offer. The Court previously determined this offer failed to include an express condition stating the offer was contingent upon the acceptance of both offerees, thus SWE accepted the offer. (Dkt. No. 140, p. 3.)

While counsel may not have been privately authorized to accept less than the joint amount from SWE and Engineered Power, LP, the secret limitation will not be enforced when counsel was acting with apparent authority and SWE reasonably relied upon the authority. See Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 447 (2d Cir. 2005) (stating "[e]very agent is likely to have secret negotiating limits dictated by the principal, but other parties may safely assume that any agreement the agent agrees to is within his authority unless there is reason to believe he is exceeding it") (citation omitted). To hold otherwise is unworkable in settlement negotiations because the rules of ethics governing attorney conduct largely prevent counsel from speaking with represented opposing parties. See Okla. Rules Prof. Conduct 4.2; Nature's Sunshine Prods., 511 F. App'x at 716 (finding counsel had authority to settle even when the actual authority had been privately revoked, partly for the reason that ethics rules limit an attorney's ability to communicate directly with a party who is represented by counsel).

For these reasons, the Court reconsiders its prior Memorandum Opinion and Order and finds the settlement agreement between SWE and Plaintiffs is valid and shall be enforced.

3

CONCLUSION

Accordingly, SWE's Motion to Reconsider Order Denying Motion to Enforce Settlement Agreement (Dkt. No. 171) is GRANTED; the Order of September 13, 2017 (Dkt. No. 140) is VACATED; and SWE's Motion to Enforce Settlement Agreement (Dkt. No. 116) is GRANTED.

IT IS SO ORDERED this 30th day of November, 2017.

ROBIN J. CAUTHRON
United States District Judge